Your Honors, and may it please the Court, this case deals with two important issues. First, the strict duty of the District Courts to exercise the jurisdiction conferred by rather than a proponent for one of the parties. The District Court erred in the September 24, 2020, erred in the January 7, 2022, order dismissing defendant and a police, Stefano Calegari, sua sponte, for three reasons. First... Mr. Vitale, before you give us your reasons, may I just ask you, do we have jurisdiction here? Because I understand that this case has a decision about your client, but no final order entered. Yes, Your Honor. This Court has appellate jurisdiction under Section 28 U.S.C. 1291 as a final decision. The order of... But it's not a final decision. Isn't the case still pending against other parties? That's correct, against the other parties. But under the authority of the Supreme Court decision of Joaquin Bush and Moses H. Cohn, an order that has the sole purpose and effect to relinquish federal jurisdiction has been determined to be final. And therefore... Counselor, it's not a question of whether it's final as to your client. It's a question of whether it's final as to the entire case. Yes, Your Honor. It is final as for the... Against my... Against the appellants and the appellees. So if we were going to consider the case... If we were going to consider the case as appellants versus the appellee, the order would have been final. So the finality has not been determined just in terms of when the case has been dismissed completely. For example, in the case Amara versus Chinia Corporation that this court decided on November 10, 2022, the court adopted the definition of finality in the realm of the post-judgment order, saying that an order is final when it has finally disposed a question and there are no pending proceedings related to the question decided. But none of those cases involved just the dismissal of one party in the case. It seems to me you would have an argument to make to the district court as to why it should enter a final judgment, which it has the discretion to do just in your client's case. You haven't done that, right? Asked the district court to enter a partial final judgment as to your client? That's correct. It was not done because as an order for dismissal for lack of supplemental... A police has been actually terminated from the case. So my understanding is that it was not necessary like in these circumstances when there is a dismissal for lack of federal jurisdiction. Well, I interrupted you when you were going to talk about the merits of your claim, so you understand that we have a jurisdictional question here. Okay. Yes, Your Honor. And I will submit that alternatively we will argue as we did like in our briefs that there is also like the exception to the finality for the collateral order doctrine. And in case that finality and the collateral order doctrine was not going to be held applicable, we filed also an alternative petition for mandamus for the reasons that I'm going to discuss because of the importance of the issues that has been addressed or should be addressed by this court like in this case. And I will start from the first point on the notice and opportunity to be heard. According to this court precedent, Square D Company and Katzing, the court erred because it did not provide a notice and an opportunity to be heard before deciding the question of supplemental jurisdiction. And as Judge Friendly held in Square D Company, this course of action is against the normal adversarial process. And I would like to cite specifically to Katzing because it's very analogous like to our situation. There in Katzing, the district court first exercised the supplemental jurisdiction and Swiss Ponte decided to analyze or like to proceed with the discretionary inquiry under Section 1367C3 specifically. And because the court did not provide any opportunity to the appellant in that case, this court held that there was a reversible error that went against like our precedent and our adversarial system. I will argue that like this case, this is exactly what happened in our situation. In the September, on September 24th, 2021, the court exercised supplemental jurisdiction holding that the state law claims arose out of the same case and controversy, Article III case and controversy, as the surviving federal claims. That can be seen like in the joint appendix page 198 to 199. Subsequently, on January 7, 2022, without any notice or opportunity to be heard to the appellants, the court issued an order examining its discretionary authority to dismiss the case. Let me ask you, Mr. Natale, as I understand what happened here, the district court decided that there were some claims for which it would dismiss them for form of nonconvenience ground. And that included the federal claim against your client. But it didn't include the federal claims against some other individuals. And then it generally said it was not dismissing the state law claims. Then when it issued the next order, it was corrected to make it clear that having dismissed your client's federal claims, it was also dismissing its state law claims. Is that basically what happened? Do I understand the chronology right? No, Your Honor. Tell me about that. Yes. The court decided to split our complaint in two different transactions, although this is not subject to appeal like at this time. The federal claims, the securities fraud and the RICO claims, the RICO claim was brought against the appellee together with- But not your client. Your client is not named in those surviving claims, right? The appellee's name is not present in the securities fraud. That's correct. It is not named in the securities fraud. It was named only like in the RICO action. However, the supplemental jurisdiction does not depend on the party. That would be like personal jurisdiction. Indeed, the confusion of the district court can be seen because the court did cite to a personal jurisdiction case in a ruling in the January 7, 2022. And what we would submit is that supplemental jurisdiction depends on the authority of the federal courts over the case and over the claims and not over a specific party. And therefore, because the court already held in the September 24 that supplemental jurisdiction existed and exercised like supplemental jurisdiction and denied like the appellee's argument for denial of- or exercising like supplemental- the discretionary authority, we submitted that that decision was- I see that my time is up. You can finish. Thank you. Okay. I apologize. We will submit that that decision was controlling over the analysis of the district court. Like the district court like also because it did not follow like the precedent like of this court, like in Itartas, for example. Itartas establishes that the court needed to identify one of the factors of Sections 1367C3, and that was not done. Thank you, Your Honor. Thank you, Counsel. Mr. Mangan. May it please the court. My name is Michael Mangan, and I represent the appellee Stefano Caligari. This court should dismiss this appeal because there is not appellate jurisdiction. There is no final decision or order under 1291. Nor did the appellants make an application for a partial final order under 1292. Nor is there an application for collateral order doctrine that doesn't apply here. And even if the court were to find that it had appellate jurisdiction, on the merits of the judge's decision below, it should be affirmed. The judge had discretion to make a decision not to exercise supplemental jurisdiction under 1367C3. And Your Honor, Judge Raggi, you were asking about the severance and about what the layout of the claims were. Originally, there were two sets of federal claims. There were securities claims, and there were RICO claims. Mr. Caligari was not named as a defendant in any of the securities, only the RICO claims. And the district court found that there was a bar, because there were security claims alleged to the RICO claims, and dismissed them with prejudice. And this meant that there was only now one remaining claim against Stefano Caligari, and that was the money had and received claim, which is a state claim. And after making that decision, or I should say right before that decision was rendered by the district court, Mr. Caligari had decided that he wanted to withdraw, or he wanted no longer to be represented by the council that was representing all the defendants, and had written to the court on this. And so subsequent to the district court rendering that decision on the motion to dismiss, Mr. Caligari had stated that he was proceeding pro se. The judge then took a look, once he had received Mr. Caligari's separate stipulation, agreeing, because what the court did, and I should step back a moment. There were two sets of claims. There were the La Rosa claims, and there were the Stefano claims. And the judge severed those claims. The judge said that there was a provision within the contract, preferring Italy for the Stefano claims, and that the La Rosa claims would proceed here in New York. After that severance, Mr. Caligari agreed that he would proceed in Italy. It was at that time that Judge Buchwald had decided that she needed to take a closer look, and she did. And she invited additional briefing on the matter. And that's, so she considered the question about whether or not there was a factual basis for the money hadn't received. Finding that there was none, she then rendered that decision, where she elected not to exercise subject matter jurisdiction. And that's under 1367C3. And so, just to circle back to the beginning, this court doesn't have appellate jurisdiction. There's no final order. The action's pending right now before the district court. What's the status of the case in the district court? As I understand it, the last order was on the docket in March of 2022. I've spoken to counsel who's represented the defendants. They're proceeding through discovery. They have a date for dispositive motions at the end of this month. I believe it's the 31st of January. And I don't know that the discovery's completed, but all of those additional, all those claims under the Securities Act claims, as well as any state court claims against the remaining seven or eight defendants, have been proceeded. Do you agree that your adversary could seek in the district court to have this made a partial final order? He could have done that, yes. And then you'd be back here. And that's correct. Okay. That's correct. However, as I stated, and as I think the facts clearly show, the district court was within its discretion to dismiss this claim. There's really no question about whether or not there is any federal claim against Mr. Caligari. There is not. One of the two arguments that counsel emphasized in his presentation was one, that he hadn't gotten notice, and two, that the district court did not state its reason for doing so, for not exercising its supplemental jurisdiction, which the argument is that she was required to do. What's your response to those two points? Yes, Your Honor. I think it's pretty clear that the appellants got notice. They had notice. In fact, the district court issued its memo on the 28th of October, 2021, stating its intent to take some action in asking for further briefing on the issue of whether or not there was a factual basis for the money had received claim against Mr. Caligari. At that time, there had already been a motion that had been fully briefed and decided, and one of the issues raised in that was supplemental jurisdiction. In addition to that, my learned counsel had filed a responsive brief, as invited by the judge, and had made arguments about supplemental jurisdiction in his letter brief in response. They had notice, and the court was able to make that decision based upon the briefing. As to the question of whether or not the court gave its reasons for the dismissal under 1367, though it is true the court does not cite the specific subsection of 1367, it makes very clear in that order what it is and why it is that the court was not going to exercise supplemental jurisdiction. Let me be clear as to this. The district court entered its first order in this case, the one it discussed in its lengthy opinion, of September 24th, 2021, right? Correct. And there it indicated that it was going to exercise supplemental jurisdiction over state law claims because it thought they involved the same common nucleus of operative fact. Correct. So that's the only thing that the district court says about supplemental jurisdiction in September? That's right. Okay. Yes. So now, are you telling us that between that September ruling and the October 28th ruling that's at issue here, the district court invited supplemental briefing on supplemental jurisdiction? Your Honor, I'm not saying that she specified that she was inviting supplemental briefing on supplemental jurisdiction. However, what I'm saying is that on the 28th of October, she wrote a memo stating that she was inviting any supplemental briefing on the issue of whether or not there was a factual basis where the money hadn't received the claim. Thank you. I'm sorry. This is the last sentence. If any party disagrees with this assessment of the current state of the pleading, they should send the court forth with a letter. That's what the court said. That's correct. She didn't say anything about whether or not the court should exercise supplemental jurisdiction if the pleadings were sufficient. I mean, I'm not clear why you think that's noticed. I thought October 28th was the day the court said it wouldn't entertain the state claims because there were no pending claims against Calgary in this court. No, you're- It says the plaintiff surviving claims only one implicates Calgary, count nine, and there was no factual basis for that. That's right. That's correct, Your Honor. It's the October 28th, 2021 memo. She doesn't specifically say I'm inviting briefing about supplemental jurisdiction. However, counsel for appellants then responds on the 29th of 2021, October 29th, and actually puts in an argument, which is in the record at JA 204, stating that the understanding that supplemental jurisdiction is at issue in the first paragraph. That's what comes between that and the January 7th order that is the final decision not to exercise supplemental jurisdiction. That's correct, Your Honor, yes. If there are no more questions. Thank you, Your Honor. Thank you. Mr. Ntai, you have a minute reserved for a vote. Yes, Your Honor. May it please the court. I just would like to straight the record. The November 1st filing by the appellants in response to the request of the judge was just made to address the state of the platings, and we just pointed out under Rule 12GH, under the Federal Rule of Civil Procedure 12GNH, that appellees waived all the claims for the state law, for the dismissal of the state law claims, because the only claim that was raised in September 24th decision was the lack of supplemental jurisdiction, which was already overruled. Therefore, we submit there was no notice, but most importantly, otherwise we would have briefed it. We would have briefed it more extensively. In regards to the jurisdiction, to the appellate jurisdiction, I would submit that 1291 does not require I see my time is up. In terms of 1291 does not require the appellants to apply for a final or like a partial judgment in the lower courts. But I would like to cite a footnote of Moses H. Cohn of the Supreme Court, where the court said, Justice Marshall said, there is an obvious difference between a case in which the plaintiff himself may choose not to proceed and a case in which the district court refuses to allow the plaintiff to litigate his claim in federal court. To my knowledge, a dismissal for subject matter jurisdiction has always been held like appellable. Thank you. We're talking about an appellate problem here, correct? Yes, Judge Walker. It is, to my knowledge, a dismissal for lack of subject matter jurisdiction has always been found appealable and has always been found to have like appellate jurisdiction. But we're not saying you can't litigate whether there's jurisdiction. But what we are saying is that there may not be a basis for jurisdiction in the courts. You can litigate it, but at least tentatively, it may be that you will lose because there was no collateral jurisdiction. There was no Rule 54B proceeding, either in the district court or the court of appeals, and there was no attempt to obtain an interlocutory order. So it's not, as has been pointed out, just procedurally you have a problem, but you may be able to come back, come back and get these orders from the district court and then relitigate here. But we don't have jurisdiction. We don't have power. So we don't have any power to do anything. If I may respond very briefly, I'd like to hear Judge Walker. Under the definition of the Supreme Court of finality as interpreted by Ida Wild, Moses H. Cohn, and Quokkenbush, an order that has the purpose and effect of relinquishing federal jurisdiction is a final decision that is directly appealable under 1291. But those were not cases involving a defendant in the case. They made that ruling with respect to the entire case, and that's the concern we've got. You're asking us to say that that rule applies even when it's only one party in the litigation. That's correct, because the reasoning of relinquishing federal jurisdiction, because the court, incorrectly so, relinquished the federal jurisdiction against one party. It is applicable as if the court was going to serve. What case says that? It is just an analogy that I will draw. You're urging us to consider it that way. Yes. Yeah, I'd like to. Okay, thank you so much. Thank you both. We'll take the case under advisement. The next argument for today is in case number 21-1778 and 22-351, United States v. Adenine. Mr. Habib. Thank you. May it please the court, Daniel Habib, Federal Defenders of New York, on behalf of Michael Avenatti. All agree that Michael Avenatti committed no crime. Can we just pause for one second? Yes, I apologize. It's a good place to stop. Sorry. Judge Walker, are you there? Yeah, he's not there. He's got the keys. Oh, I think he's back on. Maybe he's trying to get back on. I don't know. I don't know. Thank you. Thank you.